Filed 11/30/15  In re S.S. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN & FAMILY SERVICES BUREAU,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>N.B.,<br><br>　　　Defendant and Appellant. | A145102<br><br>(Contra Costa County<br>　Super. Ct. No. J13-01267) |

Mother N.B. appeals from the juvenile court's order to terminate her parental rights with respect to minor, S.S., after finding inapplicable the beneficial relationship exceptions to Welfare and Institutions Code section 366.26.[1]  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 21, 2013, a petition was filed pursuant to section 300, subdivision (b), alleging minor, born in November 2012, faced substantial risk of serious harm based on the failure or inability of mother and father (collectively, parents) to provide care in

---

[1]　Unless otherwise stated, all statutory citations herein are to the Welfare and Institutions Code.

light of their substance abuse problems and involvement in domestic violence in minor's presence.[2]

Plaintiff Contra Costa County Children and Family Services Bureau (the bureau) reported that parents had been voluntarily participating in a family maintenance plan since July 2013, but that neither had successfully completed it. Mother, who admitted to substance abuse issues, had been arrested for driving while intoxicated with minor in the car in October 2013. In addition, the police had responded to physical altercations between parents in April 2013 and June 2013.

In November 2013, the juvenile court ordered minor detained from parents and placed in the approved home of a relative. In December 2013, following mediation and an execution of waiver of rights, mother admitted the allegations set forth in the bureau's amended petition[3], and the court thereafter found the allegations true.

The disposition report submitted by the bureau on January 14, 2014, stated that minor was doing well in the care of her maternal grandfather and step-grandmother (hereinafter, maternal grandparents). Minor was healthy and developmentally on target. Mother was engaging in weekly one-hour visits with minor that were going well. In addition, mother had negative drug tests five times between November and December 2013.

On January 14, 2014, the juvenile court declared minor a dependent of the court, and ordered her removed from parents' custody. Reunification services were ordered for both parents.

In its status report for the July 8, 2014 hearing, the bureau recommended terminating mother's reunification services. While mother had completed a residential treatment program, tested negative for drugs 23 times, and continued to work on certain

---

[2] Father is not a party to this appeal. As such, his involvement in the underlying proceedings are addressed only in passing.

[3] The amended petition omitted certain details about parents' substance abuse and domestic violence issues that were set forth in the original petition.

aspects of her case plan (including therapy and a domestic violence program), she had moved back in with father, who was not participating in services.

The bureau filed another status report on December 9, 2014, in which it indicated that father had been arrested on October 4, 2014, for domestic violence against mother. Mother, however, had denied any history of domestic violence when interviewed by police. The bureau was concerned with her decision to stay with father, and that she had been regressing with her case plan participation. Among other things, mother had recently tested positive for methamphetamines, and had stopped participating in reunification services. On December 10, 2014, the court adopted the bureau's recommendation to terminate services for both parents.

The bureau subsequently reported that mother had been arrested for disorderly conduct on January 9, 2015, and that father had reported mother to the police for being intoxicated and physically assaulting him. At that time, police found father intoxicated, but could not find mother. Mother had not visited minor since December 26, 2014.

On March 10, 2015, a permanency planning hearing was held, at which the bureau recommended termination of both parents' parental rights. The bureau also reported minor was doing well in her placement with maternal grandparents, and that the grandparents had indicated a desire to adopt her. Neither parent appeared at the hearing.

At the conclusion of the March 10, 2015 hearing, the juvenile court adopted the bureau's recommendation to terminate parental rights after finding by clear and convincing evidence that minor was adoptable and declining to find that terminating parental rights would be detrimental to her. The court also found by clear and convincing evidence that "no bond of any substance" existed between parents and minor. The court thus selected adoption as the permanent plan.

On May 8, 2015, mother filed a timely notice of appeal of the juvenile court's March 10, 2015, order and findings.

## DISCUSSION

Mother's sole contention on appeal is that the juvenile court erred in terminating her parental rights as to minor. The governing law is not in dispute in this case.

3

"At a permanency plan hearing, the court may order one of three alternatives: adoption, guardianship or long-term foster care. [Citation.] If the dependent child is adoptable, there is a strong preference for adoption over the alternative permanency plans. [Citations.]" (*In re S.B.* (2008) 164 Cal.App.4th 289, 296-297.)

"Once the court determines the child is likely to be adopted, the burden shifts to the parent to show that termination of parental rights would be detrimental to the child under one of the exceptions listed in section 366.26, subdivision (c)(1). [Citation]; but see § 366.26, subdivision (c)(1)(A), eff. Jan. 1, 2008.)" (*In re S.B., supra,* 164 Cal.App.4th at p. 297.) The fact that the juvenile court has continued a child's removal from parental custody and has terminated reunification services is a sufficient basis for terminating parental rights absent a compelling reason for determining such termination would be detrimental to the child due to the existence of one of the circumstances specified in section 366.26, subdivision (c)(1). (See *id.*; *In re Jasmine D.* (2000) 78 Cal.App.4th 1339, 1351-1352.)

In reviewing a decision to terminate parental rights, we uphold the juvenile court's factual findings so long as they are supported by substantial evidence. (*In re L.Y.L.* (2002) 101 Cal.App.4th 942, 947.) In making this determination, we "do not evaluate the credibility of witnesses, reweigh the evidence, or resolve evidentiary conflicts. Rather, we draw all reasonable inferences in support of the findings, consider the record most favorably to the juvenile court's order, and affirm the order if supported by substantial evidence even if other evidence supports a contrary conclusion. [Citation.] The appellant has the burden of showing the finding or order is not supported by substantial evidence. [Citation.]" (*Ibid.*) However, at the same time, most courts have also held that the determination of whether termination of parental rights would serve the child's best interest in left to the juvenile court's discretion.[4] (See *In re Eric B*. (1987) 189

---

[4] As our colleagues in the Sixth District persuasively explained: "In our view, both standards of review come into play in evaluating a challenge to a juvenile court's determination as to whether the parental or sibling relationship exception to adoption applies in a particular case. Since the proponent of the exception bears the burden of

4

Cal.App.3d 996, 1005 [juvenile court's determination of child's best interests will not be reversed absent a clear abuse of discretion]; *In re Bailey J.* (2010) 189 Cal.App.4th 1308, 1314-1315.)

In this case, mother does not challenge the juvenile court's initial finding that minor is adoptable. In addition, mother "recognizes that her reunification efforts failed." Nonetheless, mother challenges the court's finding that terminating her parental rights would not be to minor's detriment based on the beneficial parent relationship exception under section 366.26, subdivisions (c)(1)(B)(i), reasoning: "[T]he record shows that the value of the mother/daughter relationship has such value that it is worth saving, even at the expense of the anticipated benefits [minor] might otherwise realize by way of adoption." We disagree with her conclusion.

As mother acknowledges, the beneficial parent relationship exception applies where the evidence establishes a parent has "maintained regular visitation and contact with the child and the child would benefit from continuing the relationship." (See § 366.26, subd. (c)(1)(B)(i).) The trial court properly determined mother did not meet this standard.

First, while mother suggests she has maintained regular and beneficial visitation and contact with minor, the record suggests otherwise. In fact, it appears that, as of the

producing evidence of the existence of a beneficial parental or sibling relationship, which is a factual issue, the substantial evidence standard of review is the appropriate one to apply to this component of the juvenile court's determination. . . . [¶] The same is not true as to the other component of these adoption exceptions. The other component of both the parental relationship exception and the sibling relationship exception is the requirement that the juvenile court find that the existence of that relationship constitutes a '*compelling reason* for determining that termination would be detrimental.' (§ 366.26, subd. (c)(1)(B), italics added.) A juvenile court finding that the relationship is a 'compelling reason' for finding detriment to the child is *based* on the facts but is not primarily a factual issue. It is, instead, a 'quintessentially' discretionary decision, which calls for the juvenile court to determine the *importance* of the relationship in terms of the detrimental impact that its severance can be expected to have on the child and to weigh that against the benefit to the child of adoption. [Citation.] Because this component of the juvenile court's decision is discretionary, the abuse of discretion standard of review applies." (*In re Bailey J.* (2010) 189 Cal.App.4th 1308, 1314-1315.)

5

March 10, 2015 permanency planning hearing, mother's last visitation with minor had occurred several months earlier, on December 26, 2014.

Moreover, even were we to accept mother's contention that her visits with minor were "positive, loving and enjoyable," the statutory provision also requires her to prove that minor, if adopted, would be deprived of a beneficial parent-child relationship such that terminating mother's parental rights would cause detriment to minor. Case law has adopted the following standard for making this showing: "When determining whether the exception applies to bar termination of parental rights, the court balances the strength and quality of the parent-child relationship in a tenuous placement against the security and sense of belonging that a stable family would confer on the child. However, if severing the existing parental relationship would deprive the child of 'a substantial, positive emotional attachment such that the child would be greatly harmed, the preference for adoption is overcome and the natural parent's rights are not terminated.' [Citation.] In other words, if an adoptable child will not suffer great detriment by terminating parental rights, the court must select adoption as the permanency plan. (See § 366.26, subd. (c)(1).)" (*In re Dakota H*. (2005) 132 Cal.App.4th 212, 229; see also *In re Beatrice M*. (1994) 29 Cal.App.4th 1411, 1419 [" 'Interaction between [a] natural parent and child will always confer some incidental benefit to the child . . . . The exception applies only where the court finds regular visits and contact have continued or developed a significant, positive, emotional attachment from child to parent.' (*In re Autumn H.* [(1994)] 27 Cal.App.4th [567,] 575.)"].)

This required showing is consistent with the guiding principle that, at this late juncture in dependency proceedings, the court should focus on the child's need for permanency and stability rather than a parent's interest in reunification. (E.g., *In re Stephanie M*. (1994) 7 Cal.4th 295, 317.)

Here, the juvenile court, when finding the beneficial parent-child relationship exception inapplicable, properly focused on the best interests of minor, including the fact that she looked to her maternal grandparents, rather than mother, for emotional support, nurturing and love, and the fact that mother still struggled with substance abuse issues

6

and had failed to properly address domestic violence issues in her relationship with father. Indeed, by the time of the permanency planning hearing, minor, two years-old, had spent over half her life with her maternal grandparents, and was thriving under their care. The court thus concluded under the circumstances of this case that there was "no bond of any substance between this child and her parents," and that the permanent plan of adoption should be implemented. The record supports the court's conclusions. (See *In re Eric B.*, *supra,* 189 Cal.App.3d at p. 1005 [juvenile court's determination of child's best interests will not be reversed absent a clear abuse of discretion].)

We do not question mother's claim to have a strong, well-developed bond with minor. However, California law requires more than that; it requires a "substantial, positive, emotional attachment such that the child would be greatly harmed" if the natural parent/child relationship were severed. (*In re Autumn H., supra*, 27 Cal.App.4th at p. 575.) Here, the juvenile court had valid, significant lingering concerns about mother's ability to care for and protect minor from harm, such that it properly exercised its discretion to find no such significant, positive emotional bond existed. (*In re Jasmine D.*, *supra*, 78 Cal.App.4th at pp. 1351-1352 [where, despite successful visitation, parent had "made no steps toward overcoming the problems leading to [minor's] dependency," the beneficial parent relationship exception did not apply]. Cf. *In re S.B., supra*, 164 Cal.App.4th at p. 300, italics added, [court erred in declining to apply the beneficial parental relationship exception where the record established "[father's] devotion to S.B. was constant, as evinced by his *full compliance* with his case plan and continued efforts to regain his physical and psychological health"].)

Accordingly, the juvenile court's rejection of the beneficial parent relationship exception as a basis for maintaining parental rights stands.

7

## DISPOSITION

The juvenile court's findings and order of March 10, 2015 are affirmed.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Siggins, J.